UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR425 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ABDUL KILGORE, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter comes before the Court on a Motion to Suppress Evidence and Statements filed by Defendant Abdul Kilgore.[1] The Government timely opposed the motion. Upon review of the relevant findings, the evidence introduced at the hearing on this matter, and applicable law, Defendant's Motion to Suppress is DENIED.

I.     Facts

On September 4, 2009, Officers Soehnlen and Kilgore (no relation to Defendant) of the Mansfield Police Department were conducting surveillance of Olympic Lounge, a liquor establishment in Mansfield, Ohio. The officers first observed Defendant after he exited the passenger side of a vehicle in the parking lot of the bar. The officers noticed that Defendant appeared to be unsteady on his feet and observed him openly urinating in the parking lot, leading them to suspect that he was under the influence of drugs or alcohol. In fact, Defendant nearly fell backwards while walking in the parking lot. Defendant then re-entered the passenger side of the vehicle, which subsequently exited the parking lot without using a turn signal. In response to Defendant's actions, the officers contacted nearby Mansfield Police officers to stop the vehicle.

---

[1] This Court's order also resolves Defendant's pro se Motion to Suppress.

Sergeants Noblet and Skropits initiated a traffic stop and placed Defendant in custody after discovering a small amount of marijuana on his person. Defendant was then transported by police cruiser to the Richland County Sheriff's department where a patrolman discovered a cloth bag containing crack cocaine and other contraband in the area of the cruiser where Defendant had been seated. As a result, Defendant has been charged with possession with intent to distribute crack cocaine. He now asserts that Mansfield Police Officers had no probable cause to initiate a traffic stop against the vehicle and seeks to suppress all statements and evidence obtained or resulting from this search.

## II. LAW

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith,* 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett,* 905 F.2d 931, 934 (6th Cir. 1990)). The test for probable cause is simply whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin,* 159 F.3d 983, 986 (6th Cir. 1998) (internal quotation marks omitted). The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence will be found in a particular place. *Illinois v. Gates,* 462 U.S. 213, 238 (1983).

## III. ANALYSIS

Defendant raises a single challenge in his motion. He contends that the search that led to his current charges was unlawful because the Mansfield Police did not have probable cause to stop the vehicle. Specifically, Defendant asserts that the officers had no reasonable grounds to believe that any offense had been committed prior to initiating the traffic stop, and instead used

2

the alleged traffic violation as pretext to search for drugs or other contraband. Defendant also argued in his motion that neither a traffic violation nor an act of public indecency had occurred.

Defendant's argument regarding pretext lacks any merit because the legality of a traffic stop does not hinge on an officer's internal motivation. *See Whren v. United States*, 517 U.S. 806, 812–13 (1996). "[A]n officer may stop a vehicle for a traffic violation when his true motivation is to search for contraband, as long as the officer had probable cause to initially stop the vehicle." *United States v. Hill*, 195 F. 3d 258, 264 (6th Cir. 1999)). Thus, any argument that the officer's true intent was to search for contraband is meaningless to the Court's review.

There is no question that officers had probable cause to stop the vehicle. The sole evidence before the Court, the testimony of officers Soehnlen and Kilgore, indicated that both officers observed Defendant urinating in the parking lot of the Olympic Lounge. There can be no doubt that such conduct established probable cause to believe Defendant violated O.R.C. 2907.04 prohibiting public indecency. In addition, the officers' unequivocal testimony demonstrated that the driver of the vehicle failed to use a turn signal when entering the roadway from the bar – a violation of both state and municipal ordinances. While Defendant's motion appears to challenge whether these facts occurred, the uncontradicted evidence supports that officers directly observed two crimes occur prior to initiating the traffic stop. Accordingly, there existed probable cause to initiate the traffic stop and the subsequent search was lawful.[2] There exists no reason, therefore, to suppress any evidence or statements obtained as a result of this lawful search.

---

[2] Defendant makes no argument about the propriety of the search of his person and therefore the Court has no reason to address that issue.

## IV. Conclusion

For the reasons set forth herein, Defendant Abdul Kilgore's Motion to Suppress is DENIED.

IT IS SO ORDERED.


August 10, 2011                                     /s/ Judge John R. Adams
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT