UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR425 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ABDUL KILGORE, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | | |

This matter appeared before the Court for sentencing on January 4, 2012. During that hearing, a dispute arose over the proper calculation of Defendant Abdul Kilgore's advisory guideline sentence. Accordingly, the Court ordered briefing on the matter from the parties and requesting the opinion of the Court's probation office. Briefing has been completed. The matter is currently scheduled for the sentencing hearing to continue on February 6, 2012. In an effort to provide the parties with notice of its view, the Court enters the following order.

Before beginning a guideline computation, the Court notes as follows. Kilgore's criminal history category is VI. Furthermore, based upon prior offenses, he is subject to a mandatory minimum sentence of 120 months.

The Government and the Court's probation office agree that U.S.S.G. § 1B1.1 guides the Court's application of the advisory guidelines. § 1B1.1(a)(1) requires the Court to first determine the base offense level. These parties further agree that Kilgore's base offense level is 26 based upon his possession of 73.68 grams of cocaine base. U.S.S.G. § 2D1.1(c)(7). These parties also agree that §§ 1B1.1(a)(2), 1B1.1(a)(3), and 1B1.1(a)(4) have no impact on Kilgore's advisory guideline range.

1

Probation and the Government then appear to disagree over application of § 1B1.1(a)(5) which provides: "Apply the adjustment as appropriate for the defendant's acceptance of responsibility from Part E of Chapter Three." A straightforward reading of this provision results in a three-level reduction for Kilgore, making his offense level 23. § 1B1.1(a)(6) then requires calculating Kilgore's criminal history category. As noted above, his criminal history category is VI. § 1B1.1(a)(7) then requires the Court to "[d]etermine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above." At a level 23 with a criminal history category VI, Kilgore's advisory guideline range would by 92-115 months.

It is for this reason that the Government contends that acceptance of responsibility *cannot* be awarded under §1B1(a)(5), as it results in a guideline range below the mandatory minimum of 120 months and there has not been any consideration yet of a departure that would allow this to occur. The Government's argument, however, is not only unsupported by the text of the Guidelines, but directly contradicted by it.

§ 1B1.1(a)(8) provides that after calculating the guideline range in Part, A, the Court must "determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution." In that respect, the parties agree that U.S.S.G. § 5G1.1(b) is at issue. § 5G1.1(b) provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." It is clear to the Court that the plain language of the Guidelines requires the calculation to proceed in the manner described above – the acceptance of responsibility adjustment occurring prior to the application of § 5G1.1(b). Further, the Sixth Circuit agrees.

In *United States v. Harris*, 429 Fed. Appx. 543 (6th Cir. 2011), the defendant challenged "the district court for finding that, because the Guidelines require application of the acceptance-of-responsibility departure prior to application of the mandatory minimum, the mandatory minimum effectively nullified any such departure." *Id.* at 546. In rejecting this argument, the Court held as follows:

> [While prior precedent] acknowledges the advisory nature of the Guidelines, [that precedent] does not hold that courts may ignore the Guidelines' sequential aspects. Rather, the Guidelines instruct courts to apply its provisions in a particular order and, specifically, to determine the base offense level and any adjustment for acceptance of responsibility before considering a departure under Parts H and K of Chapter Five. To do otherwise would constitute procedural error.
>
> In finding that the mandatory minimum nullified Harris's acceptance-of-responsibility departure, the district court simply applied the Guidelines sequentially and committed no abuse of discretion.

*Id.* (quotations and citations omitted).

The Government raises the same contention herein – asserting that sequentially applying the Guidelines results in Kilgore receiving less than the three levels of acceptance of responsibility bargained for in the plea agreement. This may be true, but such is the nature of the interplay between the Guidelines and Congress' statutory mandatory minimums.

Applying the Guidelines in sequential order, as their plain language dictates, results in an offense level 23, criminal history category VI. As the range therein, 92-115 months, falls below the statutory mandatory minimum, the statutory mandatory minimum becomes the Guideline range.

§ 1B1.1(b) then allows the Court to consider Parts H and K of chapter five. In this instance, the Government has indicated an intent to seek a one level reduction under § 5K1.1 and 18 U.S.C. 3553(e). The Sixth Circuit has held that "section 5G1.1(b) evinces a Congressional

3

intent that the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *United States v. Turner*, 436 Fed. Appx. 582, 586 (6th Cir. 2011) (citation and quotation omitted). Accordingly, in calculating a departure, the Court must move to the first offense level that encompasses the mandatory minimum. In this matter, a level 24 at criminal history category VI yields a range that includes the mandatory minimum. Therefore, if the Court were to grant the Government's request for a reduction, Kilgore's ultimate sentencing range would be 92 to 115 months based upon an offense level 23 and a criminal history category VI.

Accordingly, the parties are placed on notice that the above outline is a strong indication of how the Court will ultimately calculate Kilgore's advisory guideline range. The Court's final calculation of that range, however, will not occur until the sentencing hearing and following argument from both parties on the issues discussed herein.

IT IS SO ORDERED.


February 2, 2012                                            */s/ Judge John R. Adams*
Dated                                                         JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT COURT